IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DETRICK L. LAYFIELD,** | |
| **Petitioner,** | |
| v. | Case No. 21-CV-00337-SPM |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is an Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Detrick Layfield ("Layfield"). Within the motion, Layfield moves to vacate his conviction and sentence in the underlying criminal matter by arguing that the government fabricated evidence, that he was "actually innocent", and by raising multiple theories of ineffective assistance of counsel. For the reasons set forth below, the motion is DENIED.

## FACTUAL & PROCEDURAL BACKGROUND

On October 18, 2017, Layfield was indicted by the grand jury for assault with a dangerous weapon with the intent to do bodily harm, in violation of 18 U.S.C. § 113 (a)(3). *United States v. Layfield*, 17-cr-30174-SPM-1 (S.D. Ill.) (C.R. 1)[1]. On March 21, 2018, a three-count superseding indictment was filed wherein the grand jury issued

---

[1] All documents cited to the criminal case will be designated as "C.R." while all documents cited to this § 2255 case will be designated as "Doc.".

the following charges: (1) assault with a dangerous weapon with the intent to do bodily harm, in violation of 18 U.S.C. § 113 (a)(3); (2) possession of contraband by a federal inmate in violation of 18 U.S.C. § 1791(a)(2) and (b)(3); and, (3) obstruction of justice in violation of 18 U.S.C. § 1512(c)(1) (C.R. 35).

These charges arose out of an altercation that occurred on September 1, 2017 at Greenville – FCI that was investigated by the Bureau of Prisons (SEALED C.R. 59). On September 1, 2017, prison staff were notified that Layfield and another inmate, S.D., were involved in a physical altercation. (*Id.*). Prison staff reviewed video surveillance and observed Layfield walk toward and enter S.D.'s cell. (*Id.*). Layfield and S.D. were then observed kicking and punching each other. (*Id.*). Layfield is seen passing an item to another inmate, D.P., who was seen interacting with D.S., while S.D. was transported to the medical unit where he received treatment for a 1.25 inch laceration that appeared to have been caused by a sharp object. (*Id.*).

On September 11, 2018, following a two-day jury trial, Layfield was found guilty of all charges of the superseding indictment (C.R. 57). On January 23, 2019, Layfield was sentenced to ninety-two (92) months on counts 1 and 3, and sixty (60) months on count 2, to be served concurrently to each other, but consecutively to the undischarged sentence from an underlying criminal case from the Western District of Kentucky (C.R. 69). On July 14, 2020, the Seventh Circuit affirmed this sentence. *United States v. Layfield*, 812 F. App'x 385 (7th Cir. 2020).

On March 29, 2021, Layfield timely filed a *pro se* Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). He subsequently filed an amended motion on April 5, 2021 (Doc. 2). The Government responded on June 14,

2021 (Doc. 5) and Layfield replied on June 28, 2021 (Doc. 7), making this matter ripe for review.

Layfield's motion advances two main arguments: first, that the prosecution knowingly used fabricated evidence to convict him; and second, that his trial counsel, Bobby Edward Bailey ("Bailey"), was ineffective in multiple ways (Doc. 2). Specifically, Layfield argues that Bailey was ineffective for the following reasons: (1) that he was "totally absent" during the critical stages of the trial and appeals process; (2) that he waived opening argument and did not object to any of the Government exhibits; and, (3) that he should have hired an investigator (*Id.*). The Government rebuts Layfield's arguments in its response, including the three separate grounds raised for ineffective assistance of trial counsel, and asserts that any claim of fabricated evidence has been procedurally defaulted (Doc. 5). In his reply, Layfield raises the claim of "actual innocence" in an effort to excuse his procedural default (Doc. 7). However, as set forth below, all of Layfield's claims fail.

## LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal in which a defendant may complain of nearly any error, relief under Section 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812 (7th Cir. 1996). A petitioner may avail himself of relief under § 2255 only if he can show that there "are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013); *Accord Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004).

If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the government. *United States v. Galati*, 230 F.3d 254, 258 (7th Cir.2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir.1992).

Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004). Accordingly, a petitioner bringing a § 2255 claim is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstance; (2) non-constitutional issues that could have been, but were not raised on direct appeal; or, (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the "procedural default" and actual prejudice from the failure to appeal. *Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994). Despite that general requirement, defendants are not required to raise ineffective assistance of counsel claims on direct appeal to preserve them for collateral appeal purposes. *Massaro v. United States,* 538 U.S. 500, 504 (2003).

## ANALYSIS

### I. Fabricated Evidence

Layfield first argues that the government fabricated evidence; however, this

claim is procedurally defaulted as it was not raised on direct appeal. The general rule is that claims not raised on direct appeal may not be raised on collateral review absent "cause and actual prejudice". *United States v. Frady,* 456 U.S. 152, 167-168 (1982); *Bousley v. United States,* 523 U.S. 614, 621-622 (1998). Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains. *Frady,* 456 U.S. at 167. The procedural-default rule is "neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments". *Massaro v. United States,* 538 U.S. 500, 504 (2003).

Prior to this motion, Layfield never raised the issue of "fabricated evidence" nor does he provide a sound cause for any delay in doing so. As such, he cannot satisfy the two-prong test, so this argument would be deemed waived and procedurally defaulted.

In an effort to circumvent this rule, Layfield argues actual innocence in his reply (Doc. 7). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice, **or** that he is "actually innocent". *Bousley v. U.S.,* 523 U.S. 614, 622 (*citing Murray v. Carrier,* 477 U.S. 478, 485 (1986) (emphasis added). The "actual innocence" exception permits a petitioner to assert a defaulted claim if he "can demonstrate that he is 'actually innocent' of the crimes of which he was convicted." *Perrone v. United States,* 889 F.3d 898, 903 (7th

Page 5 of 10

Cir. 2018).

The Supreme Court adopted the actual innocence rule to correct a fundamentally unjust incarceration where there was a miscarriage-of-justice. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In *Schlup*, the Court held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt". 513 U.S. at 327.

In this case, there is no new evidence. The jurors rendered a guilty verdict at the close of evidence and absent new evidence, this Court will not step into their shoes. Therefore, Layfield's argument regarding fabricated evidence is procedurally defaulted.

## II. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Under the law of this Circuit, because counsel is presumed effective, Layfield "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

In order to prevail on a claim for ineffective assistance of counsel upon collateral review, a petitioner must meet the two-pronged *Strickland* test and establish that "(1) his counsel's performance fell below an objective standard of reasonableness; and, (2) that his deficient performance so prejudiced his defense that he was deprived of a fair trial." *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir.

2000) (*citing Strickland v. Washington*, 466 U.S. 668, 688-94 (1984)). Stated another way, under the *Strickland* test the defendant must show that his counsel's actions were not supported by a reasonable strategy, and that the error was prejudicial. *Massaro*, 538 U.S. at 501.

The first prong of the *Strickland* test, classified as the "performance prong," calls for a defendant to direct the Court to specific acts or omissions forming the basis of his claim. *Trevino*, 60 F.3d at 338. The Court then must determine whether, in light of all the circumstances, those acts or omissions fell "outside the wide range of professionally competent assistance." *Id.* While making this assessment, the Court must be mindful of the strong presumption that counsel's performance was reasonable. *Accord Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

In evaluating an ineffective assistance claim, a court does not always need to analyze both prongs because failure to satisfy either prong is fatal to the claim. *United States v. Ebbole,* 8 F.3d 530, 533 (7th Cir. 1993) *citing Strickland,* 466 U.S. at 697. In other words, if the defendant fails to satisfy the first prong, there is no need to address the second prong.

If, however, the defendant satisfies the performance prong, he must then meet the "prejudice prong" of *Strickland*. *Ebbole,* 8 F.3d at 533. This requires the defendant to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Emezuo v. United States*, 357 F.3d 703, 707-08 (7th Cir. 2004) *citing Strickland,* 466 U.S. 52 (1985).

Layfield's claims of ineffective assistance of counsel can be broken into three sub-claims, but the same law applies to all three.

### A. Completely Absent

Layfield first argues that Bailey was "completely absent" during critical moments of Layfield's trial and appeal. There are two interpretations available for the phrase "completely absent": the first being that Bailey was literally absent from the proceedings and the second being that Bailey was figuratively absent from the proceeding. Both interpretations fail.

There is nothing in the court record that suggests Bailey was literally absent. In fact, Bailey was clearly present during the trial and his presence is noted in the trial transcript itself (Docs. 82, 83). Bailey objected to portions of the trial testimony and also pointed out inconsistencies in the testimony during his closing argument – he specifically referred to the video, two separate knives, blood, and DNA (or lack thereof) (Doc. 83, pp. 91-104).

This leaves the second interpretation — meaning Bailey was figuratively absent; however, as hereinbefore demonstrated, the transcripts of the trial rebut this contention as well. Bailey pointed out inconsistencies amongst the witnesses' testimony and he brought up the lack of physical evidence. It is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy. *Harrington v. Richter,* 562 U.S. 86, 111 (2011).

### B. Waiver of Opening Statement

Layfield next claims that Bailey was ineffective because he waived opening argument and did not object to the Government's exhibits or motions. However, he again fails to show how Bailey's conduct was unreasonable and how Bailey's conduct was prejudicial to his case.

There is a strong presumption that an attorney's conduct was reasonably professional. *Ebbole,* 8 F.3d 530, 533 (7th Cir. 1993). There is also a strong presumption that any decision by counsel fall within the wide range of reasonable trial strategies. *United States v. Lindsey,* 157 F.3d 532, 534-535 (7th Cir. 1998).

Hindsight is twenty-twenty, but it is not relevant to the *Strickland* analysis. When determining reasonableness of counsel, a court should consider that conduct in the context of the case as a whole, viewed at the time the conduct occurred. *Lindsay,* 157 F.3d 532. Trial tactics are a matter of professional judgment. *U.S. v. Lathrop,* 634 F.3d 931, 937 (7th Cir. 2011). After an adverse verdict at trial even the most experienced counsel may find it difficult to resist asking whether a different strategy might have been better; however, *Strickland* only calls for an inquiry into the objective reasonableness of counsel's performance. Layfield has not shown that Bailey's strategy of forgoing an opening argument was unreasonable. *Harrington,* 562 U.S. 86, 109-110. Moreover, Layfield is unable to establish that "but for" Bailey's decision to forgo an opening argument, the result would have been different.

Layfield also contends that Bailey failed to object to evidence at trial, but that argument is insufficient as a counsel's failure to object does not constitute deficient performance. *Earls v. McCaughtry,* 379 F.3d 489, 495 (7th Cir. 2004). Bailey's conduct is presumed reasonable and Layfield has not shown otherwise.

**C. Investigator**

Layfield's final claim of ineffective assistance of counsel was that Bailey did not hire an investigator. However, he fails to establish how an investigator would have been able to find better evidence than what the defense already had, i.e., that

the video of the attack was too murky to establish Layfield was holding a weapon, that there were inconsistencies in the witness statements as to when the weapon was found and that the weapon was found with two other weapons, and finally, that the fingerprint and DNA evidence was inconclusive as to the defendant.

Bailey was trial counsel and in the best place to determine what was needed to defend the case. When a petitioner claims his counsel was ineffective for failing to sufficiently investigate his case, the petitioner has the burden of providing the Court with precise, comprehensive information as to what the investigation would have uncovered. *See Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017). In this case, Layfield has not indicated what more an investigator could uncover. As such, this claim of ineffective assistance of counsel also fails.

## Conclusion

For the reasons set forth, Detrick Layfield's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 2) is **DISMISSED** with prejudice. The Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:**   <u>**August 18, 2021**</u>

<u>s/Stephen P. McGlynn</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**